# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DONALD KAHUT, et al., | Case No. 3:25-cv-112 |
| Plaintiffs, | Judge Michael J. Newman |
| v. | Magistrate Peter B. Silvain, Jr |
| NVR, INC. dba RYAN HOMES, et al., | |
| Defendants, | |
| v. | |
| Pro Crete LLC<br>c/o Jamie E. Walker<br>244 E. Pekin Road<br>Lebanon, OH 45036 | |
| Third-Party Defendant. | |

### THIRD-PARTY COMPLAINT OF DEFENDANT/THIRD-PARTY PLAINTIFF NVR, INC. dba RYAN HOMES AGAINST THIRD-PARTY DEFENDANT PRO CRETE LLC

Defendant NVR, Inc. dba Ryan Homes ("Ryan Homes"), pursuant to Civ.R. 14(A), states as follows for its Third-Party Complaint against Third-Party Defendant Pro Crete LLC ("Pro Crete"):

### PARTIES AND JURISDICTION

1. Ryan Homes is a corporation in the business of constructing residential homes. Ryan Homes' principal place of business is in Reston, Virginia, and it also maintains an office in Butler County, Ohio.

2. Pro Crete is an Ohio limited liability company that conducts business in the State.

3. This Court has jurisdiction over this matter pursuant to Civ.R. 14 and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367, as the claims are part of the same case or

controversy as the original Complaint filed in this action, for which the Court has jurisdiction under 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over Pro Crete pursuant to Civ.R. 4 and Ohio Rev. Code § 2307.382, as the causes of action arise in Ohio and Pro Crete regularly conducts business and has entered into a contract within this forum.

## FACTS COMMON TO ALL COUNTS

### Background

5. This litigation arises from the construction of a residence in the Rivendell Heights subdivision, lot no. 00000039, section no. 0001, in Montgomery County, Ohio (the "Residence"). On or about March 14, 2025, Plaintiffs Donald Kahut and Cindy Kahut ("Plaintiffs") filed a lawsuit against Defendants Ryan Homes and John Does 1–10 alleging that, among other things, there was a defect in the concrete slab of the Residence.

6. Plaintiffs' Complaint alleges that Ryan Homes, which contracted with Pro Crete to construct the concrete slab at the Residence, is liable for the alleged construction defects. Plaintiff's Complaint does not name Pro Crete as a party.

7. Pro Crete constructed the slab at the Residence. Pro Crete had a duty to ensure that the slab was constructed in a workmanlike manner.

### Pro Crete's Contractual and Legal Obligations to Ryan Homes

8. Ryan Homes and Pro Crete are parties to a Master Vendor Agreement ("MVA") executed March 18, 2024, under which Pro Crete was to perform services on Ryan Homes' jobsites in connection with Ryan Homes' homebuilding operations. A true and accurate copy of the MVA is attached hereto as **Exhibit A**.

9. Ryan Homes and Pro Crete were operating under the MVA when Pro Crete provided construction services at the Residence.

10. The MVA contains indemnification provisions that apply here and require that Pro Crete indemnify and defend Ryan Homes against Plaintiffs' claims in this matter.

11. Specifically, section 9(c)(i) of the MVA provides, in relevant part:

> To the fullest extent permitted by Applicable laws, Vendor [*i.e.*, Pro Crete] hereby agrees to save, indemnify and hold harmless the NVR Indemnitees against all claims, demands, liabilities, duties, actions and causes of actions, losses, damages, penalties and costs (together with reasonable attorneys' fees) (collectively, "Claims") arising out of or resulting from (A) Vendor's provision of (and/or failure to provide) any of the Work or any of its other obligations under this Agreement; (B) any Work, supplies, or other tangible materials provided by any Vendor Parties in connection with this Agreement; (C) the failure of any Vendor Parties to comply with Applicable Laws in connection with providing the Work * * *.

12. The MVA defines "Applicable Laws" as "all applicable federal, state and local statutes, codes, ordinances, rules, regulations and orders."

13. The MVA defines "Work" as any "services, materials, goods and supplies" requested by Ryan Homes and provided by Pro Crete in connection with or for use in Ryan Homes' homebuilding operations.

14. The MVA defines "Vendor Parties" as Pro Crete, its subcontractors, and "any of their respective employees, officers, agents, and invitees."

15. Section 9(c)(ii) of the MVA further provides that Ryan Homes may defend any and all claims, for which it is entitled to "complete reimbursement and indemnity" by Pro Crete, and that Pro Crete will reimburse Ryan Homes "for any and all expenditures that it may make and/or incur by reason of any indemnifiable Claims (including attorneys' fees, costs, experts' and

3

consultants' fees, and disbursement of counsel, and including amounts spent in collection and enforcement of these rights of indemnity)."

## COUNT ONE
## DECLARATORY JUDGMENT

16. Ryan Homes incorporates by reference the allegations set forth in Paragraphs 1-15 above.

17. Ryan Homes seeks a declaration of its and Pro Crete's respective rights, status, and other legal relations under the MVA pursuant to R.C. 2721.01 *et seq*. Such declaratory relief will terminate the controversy between Ryan Homes and Pro Crete and will remove any uncertainty concerning Ryan Homes' indemnification rights and rights to reimbursement of defense costs under the MVA.

18. Ryan Homes has fully performed its obligations under the MVA.

19. Pro Crete, on the other hand, has thus far failed to reimburse Ryan Homes for its attorneys' fees and expenses, and it has further failed to acknowledge its obligation to indemnify Ryan Homes in connection with this litigation as required under the MVA.

20. While Ryan Homes denies that it is liable to the Plaintiffs for any amount, pursuant to R.C. 2721.01 *et seq.*, Ryan Homes seeks a declaration that Pro Crete must, pursuant to the MVA, (1) fully indemnify Ryan Homes against any judgment that may be entered against Ryan Homes in this action; and (2) reimburse Ryan Homes for its attorneys' fees and expenses incurred in defending against Plaintiffs' claims, as well as Ryan Homes' attorneys' fees and expenses incurred in enforcing Pro Crete's indemnification obligations.

## COUNT TWO
## BREACH OF CONTRACT

21. Ryan Homes incorporates by reference the allegations set forth in Paragraphs 1-20 above.

22. As set forth above, Pro Crete has contractually agreed to indemnify Ryan Homes against any claims arising out of its work and services provided under the MVA.

23. Ryan Homes has fully performed its obligations under the MVA.

24. Plaintiffs have filed a Complaint against Ryan Homes alleging that certain work and services provided relating to the concrete slab at the Residence were negligently performed and did not comport with good building practices.

25. Pursuant to the terms of the MVA, Pro Crete is obligated to indemnify Ryan Homes against such claims and allegations, which it has not yet agreed to do.

26. While Ryan Homes denies that it is liable to the Plaintiffs for any amount, as a result of Pro Crete's failure to reimburse Ryan Homes for its attorneys' fees and expenses and Pro Crete's failure to acknowledge its obligation to indemnify Ryan Homes in connection with this litigation, Pro Crete is in breach of the MVA.

27. As a result of Pro Crete's breaches of the MVA as described above, Pro Crete is liable to Ryan Homes for all costs and damages, including attorneys' fees, incurred by Ryan Homes in connection with this action.

## COUNT THREE
## COMMON-LAW INDEMNIFICATION

28. Ryan Homes incorporates by reference the allegations set forth in Paragraphs 1-27 above.

5

29. While Ryan Homes denies that it is liable to the Plaintiffs for any amount, if there are any construction defects in the concrete slab of the Residence, as alleged by Plaintiffs, such defects must have been the fault of Pro Crete and/or its employees and were not caused or contributed to in any way by Ryan Homes.

30. If it is found that Ryan Homes was negligent or at fault, then the negligence or fault of Ryan Homes was passive, secondary, and vicarious, while the negligence, liability, or fault of Pro Crete and its employees was active, primary, and actual.

31. Accordingly, even if Pro Crete is not contractually obligated to indemnify Ryan Homes in this action under the MVA, Pro Crete is still obligated to indemnify Ryan Homes under common-law principles of indemnity.

## COUNT FOUR
## CONTRIBUTION

32. Ryan Homes incorporates by reference the allegations set forth in Paragraphs 1-31 above.

33. While Ryan Homes denies that it is liable to the Plaintiffs for any amount, in the alternative to its claims for indemnification, in the event Ryan Homes is found to be jointly and severally liable for failing to design, engineer, construct and/or repair the Residence in a workmanlike manner, Ryan Homes is entitled to contribution against Pro Crete under Ohio Rev. Code. 2307.25 for any amount paid by Ryan Homes in excess of Ryan Homes' proportionate share of liability.

WHEREFORE, Ryan Homes respectfully demands that the Court issue an Order (1) finding and declaring that Pro Crete is obligated to pay Ryan Homes' costs of defense in this action, including Ryan Homes' attorneys' fees incurred in defending against Plaintiffs' claims as well as its attorneys' fees incurred in connection with enforcing Pro Crete's indemnification

obligations; (2) finding and declaring that Pro Crete is obligated to indemnify Ryan Homes against any judgment that may be entered against Ryan Homes in this case; (3) awarding judgment in Ryan Homes' favor for contribution from Pro Crete; (4) awarding against Pro Crete and in favor of Ryan Homes all other costs and damages incurred by Ryan Homes in connection with this action; and (5) granting such further relief as the Court deems necessary or proper.

    Respectfully submitted,

*/s/ Ryan P. Sherman*
Ryan P. Sherman (0075081), Trial Attorney
Sara C. Schiavone (0096657)
Kyle C. Gilliam (0102191)
Porter Wright Morris & Arthur, LLP
41 South High Street, Suite 2900
Columbus, OH 43215-6194
Phone: (614) 227-2000
Fax:    (614) 227-2100
Email: rsherman@porterwright.com
       sschiavone@porterwright.com
       kgilliam@porterwright.com

*Counsel for Defendant NVR, Inc. dba Ryan Homes*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served via electronic mail upon the following on this 25th day of April 2025:

Michelle A. Cheek (0086476)
James Papakirk (0063862)
Flagel & Papakirk LLC
50 E. Business Way, Suite 410
Cincinnati, OH 45241
Phone: (513) 984-8111
Fax:    (513) 984-8118
Email: mcheek@fp-legal.com
       jpapakirk@fp-legal.com

*Attorneys for Plaintiffs*

*/s/ Ryan P. Sherman*
*An Attorney for Defendant NVR, Inc.*
*dba Ryan Homes*