UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DONALD KAHUT, *et al.*,

    Plaintiffs,

vs.

NVR, INC., *et al.*,

    Defendants.

Case No. 3:25-cv-112

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING DEFENDANT NVR, INC.'S MOTION TO DISMISS (Doc. No. 11); (2) CLARIFYING THAT THE FOLLOWING CLAIMS—BY PLAINTIFFS AND AGAINST ALL DEFENDANTS—STILL REMAIN PENDING (COMPLAINT COUNTS 1, 2, 4 AND 5); AND (3) REFERRING THIS CASE TO MAGISTRATE JUDGE PETER B. SILVAIN, JR., IN HIS ROLE AS MEDIATION COORDINATOR, TO ASSIGN THIS CASE TO THE APPROPRIATE MAGISTRATE JUDGE FOR MEDIATION**

---

This is a civil case in which Plaintiffs Donald Kahut and Cindy Kahut ("Plaintiffs") challenge the decision of Defendant NVR, Inc., doing business as Ryan Homes ("Defendant"), to not repair or replace the alleged defects in Plaintiffs' basement floor. Doc. No. 4 at PageID 41-46. Plaintiffs allege, in an 8-count complaint, breach of contract, breach of express warranties, negligence, violation of the Home Construction Suppliers Act (Ohio Rev. Code. § 4722.01, *et seq*.), fraudulent misrepresentation and fraudulent concealment, promissory estoppel, negligent hiring and supervision, and breach of implied warranties under Ohio law. Doc. No. 2 at PageID 35; Doc. No. 4 at PageID 39, 46-51. The other Defendants are John Does 1-10, who are allegedly agents, employees, representatives, individuals, contractors, subcontractors, or entities who performed construction services on Plaintiff's residence or were in involved in the transactions relating to those services. Doc. No. 4 at PageID 39.

The case is before the Court on Defendant's Fed. R. Civ. P. 12(b)(6) partial motion to dismiss as to Count 3—negligence; Count 5—fraudulent misrepresentation and fraudulent concealment; Count 6—promissory estoppel; Count 7—negligent hiring and supervision; and Count 8—breach of implied warranties. Doc. No. 11. In response to the motion, Plaintiffs filed a memorandum in opposition (Doc. No. 22) and a motion to voluntarily dismiss Counts 3, 6, 7 and 8 (Doc. No. 23), which the Court then granted (Doc. No. 31). This left remaining for review complaint counts 1, 2, 4, and 5. Defendant replied in support of its argument as to the remaining claim still subject to Defendant's motion to dismiss: Count 5—fraudulent misrepresentation and fraudulent concealment. Doc. No. 32. Thus, the motion is ripe for review.

## I.

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

At the motion to dismiss stage, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). The Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget*, 510 F.3d at 582–83 (citation omitted) (quotation omitted).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendant's motion, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Id.*; *cf. Humphreys v. Bank of Am.*, 557 Fed. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 Fed. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 Fed. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

## III.

Rule 16.3(a)(1) of the Southern District of Ohio Civil Rules provides, "Upon request by any party or in its discretion and at such times during the progress of the case as appear appropriate,

3

the Court may assign any civil case that is not exempted hereunder for one or more mediation conferences."[1]

The instant case has progressed to the point where referral for a mediation conference is appropriate because it may assist the parties in reaching a just, speedy, and less expensive resolution of this case, *cf.* Fed. R. Civ. P. 1, especially when compared to litigating the case through the summary-judgment stage followed by trial, if warranted, and appeal, if pursued. Consequently, pursuant to 28 U.S.C. § 636(c) and S.D. Ohio Civ. R. 16.3(a)(1), this case is hereby **REFERRED** to Magistrate Judge Peter B. Silvain, Jr. as mediation coordinator, for the purpose of assigning this case for mediation. The Court **ORDERS** the parties to participate in good faith in the mediation conference(s). The date for the mediation conference(s) shall be arranged directly with the assigned Magistrate Judge.

### IV.

Accordingly, Defendant's motion to dismiss (Doc. No. 11) is **DENIED**. To clarify, the following complaint claims remain with respect to all defendants: complaint counts 1, 2, 4 and 5. Further, the Court hereby **REFERS** this case to Magistrate Judge Peter B. Silvain, Jr., in his role as mediation coordinator, to assign this case to the appropriate Magistrate Judge for mediation.

**IT IS SO ORDERED.**

January 16, 2026                                       s/*Michael J. Newman*
                                                       Hon. Michael J. Newman
                                                       United States District Judge

---

[1] A case is exempt from a mediation conference when it is exempt from the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(B). *See* S.D. Ohio Civ. R. 16.3(b). The instant case is not exempt from Rule 26(a)(1)(B)'s initial disclosure requirements and, as a result, it is not exempt from participating in the mediation conference(s) required by this Order. *See id.*